*Reversed and remanded.*

[Opinion delivered November 25, 1885.]

---

19  423<br>
32  284

[No. 2080.]

ED. HARWELL *alias* FRANK NEWSOM *v.* THE STATE.

PLEA OF GUILTY — EVIDENCE. — With respect to proceedings in the trial court subsequent to the entry of the plea of guilty by the accused, it is provided by statute that, " if the punishment of the offense is not absolutely fixed by law, and beyond the discretion of the jury to graduate in any manner, a jury shall be impaneled to assess the punishment, and evidence submitted to enable them to decide thereon." This provision of the statute is mandatory, and, instead of being merely for the benefit of the defendant, it is more especially designed to protect the interests of the State, by preventing aggravated cases of crime being compromised by the assessment of the minimum punishment fixed by law. Failure to comply with this provision of the statute in cases to which it applies is fundamental error, and it is advisable that the judgment entry should show compliance with it.

APPEAL from the District Court of Burnet County. Tried below before the Hon. W. A. Blackburn.

The conviction in this case was for the theft of a horse, the property of David Stricklin, in Burnet county, Texas, on the 30th day

of June, 1885. A term of five years in the penitentiary was the penalty assessed upon the appellant's plea of guilty.

*Fisher, Townes & Martin, R. H. Ward* and *T. E. Hammond,* for the appellant.

*J. H. Burts,* Assistant Attorney-General, for the State.

WILLSON, JUDGE. This conviction is for the theft of a horse, and was had upon a plea of guilty made by the defendant in open court, in due form of law. (Willson's Cr. Forms, 688, and authorities cited in note.) But it affirmatively appears from the judgment entry in the case that *no evidence was* introduced upon said plea of guilty.

It is provided by statute that "If the punishment of the offense is not absolutely fixed by law, and beyond the discretion of the jury to graduate in any manner, a jury shall be impaneled to assess the punishment, and evidence submitted to enable them to decide thereon." (Code Crim. Proc., arts. 519–534.) We regard this provision as mandatory, and in our opinion it is fundamental error to disregard it. It is not a provision, in so far as it requires evidence to be submitted, which is intended solely for the benefit of the defendant. It is intended, also, and more especially, to protect the interests of the State, by preventing aggravated cases of crime to be covered up by the plea of guilty, so as to allow the criminal to escape with the minimum punishment fixed by law. (*Paul* v. *The State,* 17 Texas Ct. App., 583.) In all such cases this provision of the statute should be fully observed and administered, and the better practice would be to have the judgment entry show affirmatively that evidence was adduced upon the plea of guilty. (Willson's Cr. Forms, 760.)

Because the court erred in not causing evidence to be submitted to enable the jury to decide upon the punishment, the judgment is reversed and the cause is remanded.

*Reversed and remanded.*

[Opinion delivered November 25, 1885.]